ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>VÍCTOR M. RIVERA RIVERA<br><br>Peticionario | TA2025CE00892 | *Certiorari*,<br>procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: JVI2006G0057<br><br>Sobre: Art. 106 C.P. |
|---|---|---|

Panel integrado por su presidente el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 15 de diciembre de 2025.

Comparece Víctor M. Rivera Rivera ("señor Rivera Rivera" o "Peticionario"), por derecho propio y en forma pauperis, mediante recurso de *certiorari* y nos solicita la revisión de la *Orden* emitida el 27 de octubre de 2025, notificada el 6 de noviembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Ponce ("TPI"). En virtud del aludido dictamen, el TPI reiteró su denegatoria a una solicitud de corrección de sentencia previamente instada por el peticionario.

Por los fundamentos que proceden, se *desestima* el recuro de *certiorari,* por falta de jurisdicción.

## I.

Se desprende del recurso ante nos, el señor Rivera Rivera se encuentra cumpliendo una pena de reclusión en la Institución Ponce Adultos 1000. Señaló que el 27 de octubre de 2025, notificada el 6 de noviembre de 2025, el TPI declaró No Ha Lugar su "Moción de Corrección de Forma en el Acta de Sentencia". Alegó que, en el Acta de Récord Criminal de la institución carcelaria, particularmente en la Hoja de Liquidación de Sentencia, aparece una pena incorrecta de 11 años. Expresó que su sentencia respondió a un preacuerdo de 99 años de reclusión por el delito de asesinato en primer grado, más 9 meses de reclusión por el Art.

3.1 de la Ley 54 de 15 de agosto de 1989, según enmendada, conocida como la *Ley para la Prevención e Intervención con la Violencia Doméstica*, 8 LPRA sec. 631.

Examinado el recurso, optamos por prescindir de los términos, escritos y procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 13, 215 DPR __ (2025).

**II.**

**-A-**

Es deber ministerial de todo tribunal, cuestionada su jurisdicción por alguna de las partes o incluso cuando no haya sido planteado por estas, examinar y evaluar con rigurosidad el asunto jurisdiccional, pues este incide directamente sobre el poder mismo para adjudicar una controversia. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 268 (2018). Por consiguiente, si un tribunal, luego de realizado el análisis, entiende que no tiene jurisdicción sobre un recurso, sólo tiene autoridad para así declararlo. De hacer dicha determinación de carencia de jurisdicción, el tribunal debe desestimar la reclamación ante sí sin entrar en sus méritos. Lo anterior, basado en la premisa de que, si un tribunal dicta sentencia sin tener jurisdicción, su decreto será jurídicamente inexistente o *ultravires. Cordero et al. v. ARPe et al.*, 187 DPR 445, 447 (2012).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, confiere facultad a este Tribunal, por iniciativa propia o a petición de parte, desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción. Regla 83 del Reglamento del Tribunal de Apelaciones, *op. cit.*, pág 109.

**-B-**

Como es sabido, "[l]a apelación en nuestro sistema no es automática; presupone una notificación, un diligenciamiento y su perfeccionamiento". *Morán v. Marti,* 165 DPR 356, 367 (2005). En reiteradas ocasiones, el Tribunal Supremo ha manifestado que las normas sobre el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *García Ramis v. Serrallés,* 171 DPR

250 (2007), *Arriaga v. F.S.E.*, 145 DPR 122 (1998). Sobre el particular, nuestra más alta Curia ha expresado:

> El apelante tiene, por lo tanto, la obligación de perfeccionar su recurso según lo exige la ley y el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. Si no se perfecciona un recurso dentro del término jurisdiccional provisto para ello, el foro apelativo no adquiere jurisdicción para entender en el recurso presentado.

*Morán v. Marti, supra.*

En lo aquí pertinente, la Regla 32 del Reglamento del Tribunal de Apelaciones dispone que el recurso de *certiorari* deberá ser presentado dentro de los treinta (30) días siguientes a la fecha en que se haya dictado la determinación recurrida. Regla 32 del Reglamento del Tribunal de Apelaciones, *op. cit.*, pág. 47.

Por otro lado, la Regla 34 de nuestro Reglamento regula todo lo relacionado al contenido de los recursos de *certiorari*. Regla 34 del Reglamento del Tribunal de Apelaciones, *op. cit.*, págs. 51-54. De manera particular, la referida regla establece que el escrito deberá contener lo siguiente:

(C) Cuerpo

>   (1) Toda solicitud de *certiorari* contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:
>
>   (a) [...]
>
>   (b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.
>
>   **(c) Una referencia a la decisión cuya revisión se solicita**, la cual incluirá el nombre y el número del caso, la Región Judicial correspondiente y la Sala del Tribunal de Primera Instancia que la dictó, la fecha en que lo hizo y la fecha en que fue notificada; también, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar la solicitud de certiorari. [...]
>
>   (d) Una relación fiel y concisa de los hechos procesales y materiales del caso.
>
>   **(e) Un señalamiento breve y conciso de los errores que a juicio de la parte peticionaria cometió el Tribunal de Primera Instancia.**
>
>   **(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable.**

[...]

(E) Apéndice

(1) Salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74, la solicitud incluirá un Apéndice que contendrá una copia literal de:

(a) Las alegaciones de las partes, a saber:

(i) [...]

(ii) en casos criminales, la denuncia y la acusación, si la hubiere.

(b) **La decisión del Tribunal de Primera Instancia cuya revisión se solicita**, incluidas las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere, y la notificación del archivo en autos de una copia de la notificación de la decisión, si la hubiere.

**(c) Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de certiorari, y la notificación del archivo en autos de una copia de la resolución u orden.**

(d) Toda resolución u orden, y **toda moción** o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, **en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de certiorari**, o que sean relevantes a esta. [...]

(Énfasis suplido)

Cabe destacar también que las partes que comparecen por derecho propio no están exentas del cumplimiento de estas normas, puesto que el carácter de su comparecencia, por sí sola, no justifica el incumplimiento con las reglas procesales. *Febles v. Romar*, 159 DPR 714, 722 (2003).

### III.

En el recurso que nos ocupa, el peticionario manifestó estar inconforme con la *Orden* dictada por el foro de instancia, mediante la cual su moción de corrección de sentencia fue denegada. De entrada, precisamos que el peticionario no anejó a su recurso copia de la moción radicada ante el foro de instancia o de la sentencia dictada en su contra. Más aún, no realizó ningún señalamiento de error. De manera tal que, a través de su escueto escrito, el peticionario se limitó a exponer su inconformidad con la determinación recurrida, sin exponer fundamento alguno. Como consecuencia, no nos colocó en posición para atender la controversia. Ante el craso incumplimiento con las reglas relacionadas al

perfeccionamiento, contenido y forma de los escritos de *certiorari,* nos vemos impedidos de asumir jurisdicción sobre el presente recurso.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte de esta *Resolución,* se desestima el recurso, por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones